UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| GEORGE P. KLIKA, individually and on behalf of all others similarly situated, | Civil Case No. C15-0107RSL |
| Plaintiff, | |
| v. | |
| CAPITAL ONE BANK, N.A., *et al.*, | ORDER GRANTING CAPITAL ONE'S MOTION TO DISMISS |
| Defendants. | |

This matter comes before the Court on "Defendant Capital One, N.A., as Successor by Merger to Chevy Chase Bank, F.S.B.'s Motion to Dismiss Plaintiff's Class Action Complaint" (Dkt. # 17) and "Defendant Capital One, N.A., as Successor by Merger to Chevy Chase Bank, F.S.B.'s Motion for Judicial Notice" (Dkt. # 22). Plaintiff alleges that Capital One participated in a scheme to charge him and similarly-situated mortgagors excessive insurance premiums for unnecessary, unauthorized, or duplicative coverage. Plaintiff asserts that Capital One breached the mortgage agreement, breached the implied covenant of good faith and fair dealing, violated the Real Estate Settlement Procedures Act, violated Hawaii's Deceptive Practices Act, and was unjustly enriched.[1] Capital One seeks dismissal of all claims asserted against it, arguing that the

---

[1] Plaintiff withdrew his Racketeer Influenced and Corrupt Organization Act ("RICO") and fraud claims at oral argument on July 30, 2015.

ORDER GRANTING CAPITAL ONE'S
MOTION TO DISMISS - 1

allegations are insufficient to state a claim upon which relief could be granted and that, given the number of times plaintiff has asserted similar claims in the past, leave to amend should be denied.

In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). The documents attached to plaintiff's complaint, including the 2006 mortgage agreement, form the basis of his claims and have been considered in determining whether plaintiff has stated a viable cause of action. The Court has also taken judicial notice of documents filed in previous court cases not for the truth of the facts recited therein, but for the existence of the cases and the claims asserted. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

ORDER GRANTING CAPITAL ONE'S
MOTION TO DISMISS - 2

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having considered the Class Action Complaint, the memoranda, declarations, and exhibits submitted, and the arguments of the parties, the Court finds as follows:

**A. BREACH OF CONTRACT**

Paragraph 5 of the mortgage contract states in relevant part:

> Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. . . .
>
> If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the costs of insurance that Borrower could have obtained. . . .

Dkt. # 1-1 at 22. Plaintiff alleges that, to the extent the contract permits the Lender to "force-place" insurance, it is permitted to do so only as specified in the contract and only to the extent reasonably necessary to protect the lender's interest in the secured property. Plaintiff further alleges that Capital One breached these limitations by using the authority provided by Paragraph

5 to purchase coverage that was (1) unnecessary in that it duplicated what was already in place, (2) excessive in that the coverage exceeded the amount of the lender's interest in the property, and (3) unnecessary in that the policy retroactively covered periods of time in which no loss had occurred. Plaintiff seeks damages for the force-placed insurance premiums charged to his escrow account and specifically alleges that he "paid Capital One $6,908.88 for unnecessary and duplicative windstorm insurance . . . ." Dkt. # 1 at ¶ 97 and ¶ 111.

Capital One argues that plaintiff's breach of contract claim fails because he has not identified a specific provision of the contract that was breached and relies on its contractual authority to purchase insurance if the borrower fails to do so. The Court agrees that the mortgage agreement does not limit the lender to a policy in an amount that is equal to or less than the outstanding loan amount and that it grants the lender the right to require continuous coverage. Plaintiff's claims of breach involving actions that were permitted by the contract fail as a matter of law. The lender's right to act is not as broad as Capital One's argument suggests, however: under the terms of the mortgage agreement, the lender cannot force-place insurance if the borrower already has in place all that the lender required.

At oral argument, plaintiff attempted to fit his claim into this box by asserting that he had in place a hazards policy that covered all of the risks that are specifically required by the policy and that were previously disclosed by the lender (including coverage for wind, perils of wind, and windstorm). Plaintiff stated that it was not until July 18, 2013, that Capital One first notified him that it was requiring hurricane insurance, by which time Capital One had already force-placed the insurance. If that were the state of affairs, a plausible breach of contract claim might be in the offing. The facts alleged in the complaint and the documents attached thereto defeat such a claim, however. Whatever confusion may have arisen regarding Capital One's insurance requirements prior to July 18, 2013, Capital One gave clear and unambiguous notice that it was requiring hurricane insurance – covering winds of 75 mph or more – on that date and provided

ORDER GRANTING CAPITAL ONE'S
MOTION TO DISMISS - 4

plaintiff an opportunity to purchase the coverage himself. Dkt. # 1-1 at 6. When he did not do so, Capital One purchased hurricane coverage, placing the charge on plaintiff's escrow account on August 23, 2013, and notifying plaintiff of the purchase by letter dated August 29, 2013. Plaintiff had notice that hurricane insurance was required and failed to maintain the required coverage. In such circumstance, Paragraph 5 gave Capital One the right to act.

Plaintiff has not alleged a viable contract claim, nor has he proposed an amendment that is consistent with the facts of record. In the absence of any indication that the identified deficiencies can be remedied, leave to amend this claim is DENIED.

**B. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

Plaintiff alleges that Capital One exercised its discretion to force-place insurance capriciously and in bad faith because it acted to maximize its own gain at the borrower's expense. He specifically alleges that Capital One made no effort to locate or place a reasonably-priced policy or a policy that provided at least as much coverage as he already had in place, instead choosing a substantially more expensive policy with less coverage pursuant to a pre-arranged secret deal which gave Capital One a commission, reinsurance premium, or kickback from the purchase.

Capital One argues that this claim fails because plaintiff has not identified which term of the contract gives rise to a plausible claim of breach of the duty of good faith and fair dealing. Read in context, however, it is clear that plaintiff's entire complaint rests on the various provisions of Paragraph 5 of the mortgage agreement. While there are no terms requiring or, by implication, imposing a burden on Capital One to do an exhaustive market survey or to purchase insurance that covers the borrower's interests in the property,[2] the agreement authorizes the lender to "obtain insurance coverage, at Lender's option and Borrower's expense." Dkt. # 1-1 at

---

[2] In fact, Paragraph 5 explicitly warns the borrower that the force-placed policy may be expensive and that his interests in the property may not be protected.

ORDER GRANTING CAPITAL ONE'S
MOTION TO DISMISS - 5

22. A reasonable person reading Paragraph 5 would understand that if the lender were forced to place coverage, the borrower would have to pay for that coverage. There is no indication that plaintiff would also have to pay a commission or any other amount that would redound to the lender's financial benefit. The gist of plaintiff's claim is that Capital One did not simply charge plaintiff for the costs of the required insurance, but also tacked on an undisclosed and unauthorized bonus for itself. The implied covenant of good faith and fair dealing "obligates the parties to cooperate with one another so that each may obtain the full benefit of performance." Badgett v. Sec. State Bank, 116 Wn.2d 563, 569 (1991). Plaintiff's claim – that Capital One overcharged him for the coverage so that it could obtain a borrower-funded kickback or fee beyond that which was contemplated by the parties – arguably deprived plaintiff of the benefit of the negotiated bargain.

      The problem, however, is that plaintiff does not allege facts that allow the Court to draw the reasonable inference that Capital One obtained a financial benefit from the purchase of hurricane insurance on plaintiff's home in August 2013. Plausibility requires pleading facts, as opposed to conclusory allegations. Plaintiff states only that "Capital One has a significant indirect financial stake in Assurant, Inc." and that "Assurant has a material indirect financial stake in its subsidiary Voyager," the company that issued the policy in this case. Even if such vague and unsupported allegations of a "stake" are sufficient, the nature of the relationship between the companies is critical to plaintiff's claims. An "indirect financial stake" in today's economy could be virtually any business connection, having nothing to do with a fee, commission, or kickback associated with the policies Capital One places through Assurant with Voyager. Plaintiff's allegations, to the extent they could be considered factual, are insufficient to raise a right to relief above the speculative level. Although it seems unlikely given plaintiff's statements at oral argument, it is possible that he has additional facts that would tie his payment

ORDER GRANTING CAPITAL ONE'S
MOTION TO DISMISS - 6

for the force-placed policy[3] to Capital One's receipt of a fee, commission, kickback, or some other direct financial benefit. Leave to amend this claim is therefore GRANTED.[4]

## C. REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")

Plaintiff alleges that a letter he sent to Capital One on July 17, 2013, was a "qualified written request" which was ignored. Assuming, for purposes of this motion, that the notification that the account was in error and request for information attached to the complaint as Exhibit 9 required a response under RESPA, plaintiff has not alleged any damages arising from Capital One's silence. Plaintiff did not respond to the motion to dismiss this claim either in his memorandum or at oral argument. Absent some indication that the identified deficiency can be remedied, leave to amend this claim is DENIED.

## D. HAWAII'S DECEPTIVE PRACTICES ACT ("DPA")

Plaintiff identifies twelve "unfair or deceptive acts or practices in the conduct of any trade or commerce" in which Capital One is alleged to have engaged in violation of H.R.S. § 480-2(a). In particular, plaintiff alleges that the pre-arranged secret deals between Voyager and/or Assurant and Capital One to provide inadequate and/or unnecessary force-placed insurance at premium rates for the borrower and secret kickbacks, commissions, or fees for the lender are unfair and deceptive. Capital One argues that this claim fails as a matter of law because nothing in the mortgage agreement prohibited the lender from engaging in the listed activities and because plaintiff has failed to allege that he was "injured in [his] business or property by reason

---

[3] Capital One also argues that plaintiff has failed to plead any injury from the alleged breach of the implied covenant of good faith and fair dealing. With regards to this claim, plaintiff seeks to recover whatever portion of the $6,908.88 payment ultimately made its way back into Capital One's hands. At this point in the proceeding, the allegations of damage (separate and apart from the allegation of a kickback) would be sufficient to survive a motion to dismiss.

[4] Capital One's blanket request for dismissal with prejudice and without leave to amend is not well-taken. Defendant makes no attempt to show that any of the prior litigations have res judicata or other preclusive effect. The Court will separately consider the issue of whether plaintiff is a vexatious litigant.

ORDER GRANTING CAPITAL ONE'S
MOTION TO DISMISS - 7

of" the alleged unlawful conduct. H.R.S. § 480-13.[5]

The DPA "was constructed in broad language in order to constitute a flexible tool to stop and prevent fraudulent, unfair or deceptive business practices for the protection of both consumer and honest business [persons]." Haw. Cmty. Fed. Credit Union v. Keka, 11 P.3d 1, 16 (Haw. 2000) (alteration in original). "Consequently, a failure to disclose relevant information may be actionable under [H.R.S. § 480-2(a)] if it is likely to mislead or deceive a reasonable consumer." Soule v. Hilton Worldwide, Inc., 1 F. Supp.3d 1084, 1093 (D. Haw. 2014). As discussed above in the context of the implied covenant of good faith and fair dealing claim, some of the activities and conduct alleged by plaintiff are neither unfair nor deceptive: the lender's right to force-place an insurance policy and at least some of the downsides of such placement were fully and accurately disclosed. To the extent Capital One turned the purchase of insurance into a profit-making activity for itself, however, that information was not disclosed and theoretically gives rise to a cause of action under H.R.S. § 480-2(a). As discussed above, the problem is that plaintiff does not allege facts – as opposed to vague and conclusory statements of an "indirect financial stake" – from which the Court could reasonably draw the inference that Capital One obtained a direct financial benefit when in placed hurricane insurance on plaintiff's property in August 2013. On the chance that plaintiff has additional facts that would tie his payment for the force-placed policy to Capital One's receipt of a direct financial benefit, such as the alleged fee, commission, or kickback, leave to amend this claim is GRANTED.

---

[5] Capital One also argues that plaintiff has failed to plead his H.R.S. § 480-2 claim with the required particularity, quoting Cannon v. US Bank, N.A., 2011 U.S. Dist. LEXIS 46455, at *23 (D. Haw. Apr. 29, 2011), as follows: "Any allegation under H.R.S. § 480-2 must be plead with particularity pursuant to Federal Rule of Civil Procedure 9(b)." Dkt. # 17 at 19. Capital One excised, without ellipses or any other indication, the phrase "involving claims of 'fraudulent business practices'" that follows reference to the statute in the sentence. Counsel shall, within seven days of the date of this Order, file a memorandum of no more than three pages explaining how and why the authority on which Capital One relied was misrepresented to the Court.

ORDER GRANTING CAPITAL ONE'S
MOTION TO DISMISS - 8

### E. UNJUST ENRICHMENT

Plaintiff's unjust enrichment theory is the same one that underlies his potentially viable breach of the implied covenant of good faith and DPA claims – that Capital One overcharged him for the force-placed coverage so that it could obtain a borrower-funded kickback or fee that was not contemplated by the parties in their contract. In such circumstances, a reasonable fact finder could conclude that Capital One was unjustly enriched. As discussed above, plaintiff has not, however, alleged non-conclusory facts in support of this claim. Leave to amend is GRANTED.

### F. DECLARATORY JUDGMENT/INJUNCTIVE RELIEF

At this point in the litigation, all of plaintiff's claims are deficient and will be dismissed, including his claim for declaratory and/or injunctive relief. If plaintiff is able to allege facts giving rise to a plausible substantive claim for relief, he may be entitled to equitable protection from future harms of the same sort.

### G. CLASS ACTION ALLEGATIONS

At oral argument, plaintiff acknowledged that he cannot represent a class and withdrew his class allegations.

For all of the foregoing reasons, Capital One's motion to dismiss (Dkt. # 17) is GRANTED. Plaintiff's RICO, fraud, breach of contract and RESPA claims are hereby DISMISSED with prejudice and the class allegations are STRICKEN. If plaintiff believes he can, consistent with his Rule 11 obligations, amend his breach of the implied covenant, DPA, unjust enrichment, and declaratory judgment/injunctive relief claims to allege non-conclusory facts in support of his theory that Capital One received a kickback, fee, commission, or some other direct financial benefit when it force-placed hurricane coverage on plaintiff's property in August 2013, he may do so within fourteen days of the date of this Order. If an adequate

ORDER GRANTING CAPITAL ONE'S
MOTION TO DISMISS - 9

1  amendment is not timely filed, judgment will be entered with prejudice in favor of Capital One
2  and against plaintiff. Capital One's request for judicial notice (Dkt. # 22) is GRANTED.
3  Defense counsel shall, within seven days of the date of this Order, file the memorandum
4  described in footnote 5.

    Dated this 30th day of June, 2016.

                                        *signature*
                                        Robert S. Lasnik
                                        United States District Judge