UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GEORGE P. KLIKA, individually and on
behalf of all others similarly situated,

                  Plaintiff,

    v.

CAPITAL ONE BANK, N.A., *et al.*,

                  Defendants.
_____

Civil Case No. C15-0107RSL

ORDER GRANTING ASSURANT'S
MOTION TO DISMISS

This matter comes before the Court on "Defendant Assurant, Inc.'s Motion to Dismiss." Dkt. # 16. Plaintiff alleges that Assurant participated in a scheme to charge him and similarly-situated mortgagors excessive insurance premiums for unnecessary, unauthorized, or duplicative coverage. Assurant seeks dismissal of plaintiff's claims for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. SUBJECT MATTER JURISDICTION**

Assurant argues that plaintiff lacks Article III standing because he cannot show causation or redressibility. See Knisley v. Network Assocs., Inc., 312 F.3d 1123, 1126 (9th Cir. 2002) (in order to have constitutional standing, plaintiff must allege (1) a concrete injury in fact; (2) that the injury is fairly traceable to defendant's actions; and (3) that it is likely that a favorable

ORDER GRANTING ASSURANT'S
MOTION TO DISMISS - 1

decision will provide redress). Plaintiff's allegations in this regard are sufficient: he alleges that he has suffered a loss of $6,908.88 as a result of a scheme or fraud in which Assurant participated and for which he seeks an award of damages.

Assurant challenges the veracity of plaintiff's allegations, however, essentially denying that it had any role in the events that caused plaintiff's loss. Assurant has submitted declarations asserting that it is merely a holding company, it is not an insurance company, it did not issue the policy purchased on plaintiff's behalf, it has never contracted with Capital One to provide services related to lender-placed insurance, it does not set policy terms for policies issued by Voyager, it does not participate in, direct, or control Voyager's issuance of insurance policies, and it has never paid Capital One a commission in connection with force-placed insurance. The evidence also shows, however, that Assurant is the great-grandparent corporation of defendant Voyager and indirectly owns 100% of its shares. More importantly, Assurant owns the trade name "Assurant Specialty Property" and allows other companies, including Voyager, to conduct business using that name. "Assurant Specialty Property" apparently has employees whose duties include managing lender-placed insurance and monitoring insurance policies for Capital One as a means of ensuring that borrowers comply with the lender's insurance requirements. The evidence produced by Assurant suggests, in keeping with plaintiff's allegations, that "Assurant Specialty Property" evaluated plaintiff's compliance with the insurance requirements imposed by Capital One and handled the communications with plaintiff regarding the perceived inadequacies. Given the seemingly captive relationship between Assurant and "Assurant Specialty Property," the latter's active participation in the events giving rise to plaintiff's claims, and plaintiff's allegations, it appears at this juncture that there is an actual case or controversy between the parties and plaintiff has standing to sue.

ORDER GRANTING ASSURANT'S
MOTION TO DISMISS - 2

## B. PERSONAL JURISDICTION

Plaintiff has the burden of demonstrating that the Court may exercise personal jurisdiction over Assurant. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013). In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true. Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir. 2007). If a jurisdictional fact is disputed, however, plaintiffs cannot rely on the bare allegations of the complaint and must come forward with additional evidence. Marvix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Conflicts in the evidence provided by the parties must be resolved in plaintiff's favor. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Because the Court did not hear testimony or make findings of fact, plaintiff "need only make a prima facie showing of jurisdiction to withstand a motion to dismiss." Wash. Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668, 671-72 (9th Cir. 2012) (internal quotation marks omitted).

Pursuant to Fed. R. Civ. P. 4(k)(1)(A), federal courts ordinarily follow state law when determining the extent to which they can exercise jurisdiction over a person. Daimler AG v. Bauman, __ U.S. __, 134 S. Ct. 746, 753 (2014). The Washington Supreme Court has held that, despite the rather narrow language used in Washington's long-arm statute, RCW 4.28.185, the statute "extends jurisdiction to the limit of federal due process." Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989). The Court therefore need determine only whether the exercise of jurisdiction comports with federal constitutional requirements. Easter v. Am. W. Fin., 381 F.3d 948, 960 (9th Cir. 2004).

In order to justify the exercise of jurisdiction over a non-resident under the federal constitution, plaintiff must show that Assurant had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co v. Washington, 326 U.S. 310, 316 (1945) (internal quotation

ORDER GRANTING ASSURANT'S
MOTION TO DISMISS - 3

marks omitted). Two different categories of personal jurisdiction have developed, namely "general jurisdiction" and "specific jurisdiction." "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, __ U.S. __, 131 S. Ct. 2846, 2851 (2011) (quoting Int'l Shoe, 326 U.S. at 317). Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the litigation" and exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State." Walden v. Fiore, __ U.S. __, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks and citations omitted). Plaintiff argues that Assurant is subject to specific jurisdiction in the State of Washington because it issued the policy of insurance out of which plaintiff's claims arose. Assurant has submitted evidence that it is not authorized to, and does not, sell insurance in this state, however. In this context, the Court need not accept plaintiff's unsupported allegations. Marvix Photo, 647 F.3d at 1223. In the absence of any evidence that Assurant (or "Assurant Specialty Property," for that matter) issued the force-placed hurricane policy that led to this lawsuit or otherwise created continuing contacts with or obligations toward a resident of this state, plaintiff has failed to show that the Court can reasonably exercise jurisdiction over Assurant.

**C. SERVICE OF PROCESS**

Assurant asserts that plaintiff's attempted service at an office in Florence, South Carolina, was ineffective because Voyager, not Assurant, operates out of that site. Plaintiff failed to respond to this argument and has offered no evidence suggesting that service was effective. Dismissal is therefore appropriate under Fed. R. Civ. P. 12(b)(5).

ORDER GRANTING ASSURANT'S
MOTION TO DISMISS - 4

**D. FAILURE TO STATE A CLAIM**

In the alternative, Assurant requests dismissal under Fed. R. Civ. P. 12(b)(6) for the reasons set forth in Voyager's motion (Dkt. # 15). Plaintiff has withdrawn his RICO and fraud claims, and the unjust enrichment claim fails because there are no allegations that give rise to a plausible inference that Assurant was unfairly benefited.

For all of the foregoing reasons, Assurant's motion to dismiss (Dkt. # 16) is GRANTED. Plaintiff's RICO, fraud, and unjust enrichment claims are hereby DISMISSED with prejudice.

Dated this 30th day of June, 2016.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING ASSURANT'S
MOTION TO DISMISS - 5